IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Angelo Rizzo, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Debt Recovery Solutions, LLC, a New York limited liability company, and Miracle Financial, Inc., a Massachusetts business corporation, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## **COMPLAINT — CLASS ACTION**

Plaintiff, Angelo Rizzo, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and (c) Defendants transact business here.

### **PARTIES**

3. Plaintiff, Angelo Rizzo, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendants attempted to collect a delinquent consumer debt.

4. Defendant Debt Recovery Solutions, LLC ("Debt Recovery") is a New York limited liability company that acts as a debt collector, as defined by §1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Eastern District of New York.

5. Defendant, Miracle Financial, Inc. ("Miracle Financial), is a Massachusetts business corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Eastern District of New York.

## ACTUAL ALLEGATIONS

6. Defendants sent Mr. Rizzo an initial form collection letter ("the letter") dated December 19, 2012, attempting to collect a debt.

7. The letter alleges that the "Client" is "Miracle Financial, Inc.," yet the letter also alleges that the "creditor to whom debt is owed" is "Verizon Wireless."

8. The letter indicates that upon request, Defendants "will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment."

9. All of the collection actions at issue occurred within one year of the date of this Complaint.

10. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard. (s*ee Easterling v. Collecto, Inc.*, 692 F.3d 229 [2d Cir 2012].)

## COUNT I
### Violation Of § 1692g(a)(2) of The FDCPA -- – Failure To Effectively Identify Name Of The Current Creditor To Whom The Debt Is Owed

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692g(a)(2) of the FDCPA requires that, within five days after the

initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication, send the consumer a written notice containing the name of the creditor to whom the debt is owed.

13. Defendants' form collection letter states that the "Client" is "Miracle Financial, Inc.," yet the letter also alleges that the "creditor to whom debt is owed" is "Verizon Wireless."

14. The letter would leave anyone, let alone the least sophisticated consumer, confused as to the identity of the current creditor. Therefore, Defendants' collection letter failed to convey effectively the name of the current creditor in violation of § 1692g(a)(2) of the FDCPA.

15. Defendants' violations of § 1692g(a)(2) of the FDCPA render them liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of §1692e Of The FDCPA --
### False Representation of the Legal Status of the Debt and Threatening to Take Legal Action that Cannot Legally Be Taken

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation of or means in connection with the character, amount, or legal status of any debt.

18. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

19. Section 1692e(10) of the FDCPA prohibits a debt collector from the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. Defendants' statement that Defendants "will obtain verification of the debt or a

copy of a judgment and mail you a copy of such verification or judgment" is a false representation of the legal status of the debt.  Defendants know that they are no judgment against Mr. Rizzo.

21. Defendants' statement that Defendants "will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment" threatens to take legal action that cannot legally be taken as the alleged debt is barred by the applicable statute of limitations.

22. Defendants' conduct violates Section 1692e of the FDCPA.

23. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violations Of § 1692j Of The FDCPA --
### Furnishing Deceptive Forms

24. Plaintiff adopts and realleges ¶¶ 1-23.

25. Section 1692j of the FDCPA provides that it is it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

26. Defendants letter indicating that the "Client" is "Miracle Financial, Inc.," yet also alleging that the "creditor to whom debt is owed" is "Verizon Wireless" violates Section 1692j of the FDCPA.

27. Defendants' violations of § 1692j of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violations Of § 1692f Of The FDCPA --
### Use of Unfair or Unconscionable Collection Means

28. Plaintiff adopts and realleges ¶¶ 1-27.

29. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.

30. Defendants' acts described herein constitute the use of unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

31. Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.

## COUNT V
### Violation Of New York General Business Law §349
### Deceptive Acts or Practices in the Conduct of Any Business, Trade or Commerce or in Furnishing of Any Service

32. Plaintiff adopts and realleges ¶¶ 1-31.

33. New York General Business Law §349 prohibits a creditor from engaging in deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.

34. Defendants' acts described herein constitute deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service, in New York General Business Law §349.

35. Defendants are liable for damages as a result of their violation of New York General Business Law §349.

## CLASS ALLEGATIONS

36. Plaintiff, Angelo Rizzo, brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Verizon Wireless, via the same form collection letter (Exhibit A), that Defendants sent to Plaintiff, from one year

before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

37. Defendants regularly engage in debt collection, using the same form collection letter it sent Mr. Rizzo, in its attempts to collect delinquent consumer debts from other persons.

38. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Mr. Rizzo.

39. Mr. Rizzo's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

41. Mr. Rizzo will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all

members of the Class and will be established by common proof. Moreover, Mr. Rizzo has retained counsel experienced in actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Angelo Rizzo, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Mr. Rizzo as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Angelo Rizzo and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and damages pursuant to General Business Law §349.

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Angelo Rizzo, individually and on behalf of all others similarly situated, demands trial by jury.

    Angelo Rizzo, individually and on
    behalf of all others similarly situated,

    By: /s/ David M. Barshay
    One of Plaintiff's Attorneys

Dated: January 22, 2013
David M. Barshay (DB1790)
Sanders Law, PLLC
100 Garden City Plaza
Suite 500
Garden City, New York 11530
516-203-7600
DBarshay@SandersLawPLLC.com